Matthew R. Wojcik, ABA 0710071
E-mail: matt.wojcik@bullivant.com
BULLIVANT HOUSER BAILEY PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930
Facsimile: 206.386.5130
Attorneys for Defendant Fireman's Fund
Insurance Company

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| URBAN ANESTHESIOLOGY, P.C., <br><br> Plaintiff, <br><br> v. <br><br> FIREMAN'S FUND INSURANCE COMPANY, <br><br> Defendant. | Civil No.: 3:17-cv-00234-HRH <br><br> **STIPULATION FOR DISMISSAL WITHOUT PREJUDICE** |

COME NOW plaintiff Urban Anesthesiology, P.C., and defendant Fireman's Fund Insurance Company, by and through their respective counsel, and pursuant to Federal Rule of Civil Procedure 41(a)(1), stipulate to the dismissal, without prejudice, of all claims brought,

///

///

///

///

STIPULATION FOR DISMISSAL WITHOUT PREJUDICE
**Page 1 of 2**

or that could have been brought, in the above captioned case, with each side to bear their own costs and attorney fees.

DATED this __14__ day of November, 2017.

CLAYTON & DIEMER, LLC

By _____ 11/14/2017
Alfred Clayton, Jr., ABA 9111079
Telephone: 907.276.2999
Attorneys for Plaintiff Urban Anesthesiology, P.C.

BULLIVANT HOUSER BAILEY PC

By _____ 11/14/17
Matthew R. Wojcik, ABA 0710071
Telephone: 206.292.8930
Attorneys for Defendant Fireman's Fund Insurance Company

4844-1270-6900.1

STIPULATION FOR DISMISSAL WITHOUT PREJUDICE
Page 2 of 2

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone 206 292 8930

Case 3:17-cv-00234-HRH   Document 9   Filed 11/15/17   Page 2 of 5

## TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is entered into by and between Urban Anesthesiology, P.C. ("Urban Anesthesiology") and The American Insurance Company ("TAIC") Urban Anesthesiology and TAIC are collectively referred to herein as the "Parties."

**WHEREAS**, Urban Anesthesiology presented a claim to TAIC in connection with a water loss at Urban Anesthesiology facility ("the Claim");

**WHEREAS**, on September 22, 2017, Urban Anesthesiology filed a lawsuit regarding the Claim against TAIC in the Superior Court of the State of Alaska, Third Judicial District at Anchorage, to which the case number 3AN-17-9297 CI has been assigned ("the Lawsuit");

**WHEREAS**, the Parties wish to explore alternatives to litigation in order to resolve the Claim;

**NOW THEREFORE**, in consideration of the mutual undertakings and covenants contained herein, it is hereby understood and agreed by and among the Parties as follows:

1. Tolling. The running of statutes of limitations, statutes of repose, contractual suit time limitations, and any other time-bar defenses of any jurisdiction that may apply to the causes of action alleged in the lawsuit have been tolled since September 22, 2017 and shall continue to toll until this Agreement terminates in accordance with paragraph 2 below.

2. Termination. This Agreement shall remain in effect until the earlier of the following dates, on which it shall automatically terminate:

   (a) July 2, 2018; or

   (b) Thirty calendar days after any Party gives written notice of termination to all of the other Parties in accordance with the provisions of paragraph 3.

3. Notice. Any notice to be given hereunder, including the notice of termination provided above, shall be in writing to all Parties and shall be sent both by electronic mail and by physical means (U.S. Mail, express courier, or hand delivery) to the persons indicated below (or to such other persons as any Party may designate as to itself by written notice to the other Parties):

### As to Urban Anesthesiology:

Alfred Clayton, Jr., Esq.
Clayton & Diemer, LLC
500 L Street, Suite 200
Anchorage, AK 99501
907-276-2999

As to TAIC:

Ron Clark, Esq.
Bullivant Houser Bailey PC
888 SW Fifth Ave., Suite 300
Portland, OR 97204
503-499-4413

4. **No Waiver of Other Rights and Defenses**: This Agreement is not intended and shall not be construed or interposed as an admission of liability or non-liability or as a waiver of any right or defense by any Party, except as set forth above. Specifically, without limitation, TAIC reserve all defenses including statutes of limitations, statutes of repose, contractual suit time limitations, and any other time-bar defenses they may have with regard to the passage of time prior to September 22, 2017. Urban Anesthesiology denies that any of its claims were untimely as of September 22, 2017 but understands that this Agreement shall not revive any claims that a court may deem to have been untimely as of that date.

5. **Dismissal of the Litigation.** Promptly upon TAIC's execution of this Agreement, Urban Anesthesiology shall file a Request for Dismissal of the Litigation, without prejudice. Urban Anesthesiology reserves the right to file a new lawsuit (naming TAIC as the defendant) at any time.

6. **Inadmissibility/Not Evidentiary**: Neither the existence nor any part of this Agreement, its negotiation or performance may be used in any manner in any action, suit or proceeding by any person as evidence of the rights, duties or obligations of the Parties with respect to matters, persons or entities outside the scope of this Agreement. This Agreement shall only be admissible in an action or proceeding involving the Parties hereto with respect to a violation, alleged violation or enforcement of the provisions of this Agreement.

7. **Entire Agreement.** This Agreement contains the entire agreement of the Parties with respect to the subject matters relating thereto, and there are no other agreement as to these subjects contained in or described by this Agreement.

8. **Successor and Assigns**: This Agreement shall be binding upon the Parties, their successors and assigns.

9. **Modification**: Any change, modification, deletion or addition to this Agreement must be in writing and executed with the same formality as this Agreement.

10. **Counterparts**: This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures by facsimile or electronic mail shall have the same force and effect as original signatures. This Agreement shall not be effective as to any Party unless and until it has been executed by or on behalf of every Party.

11. **Warranty.** Each of the undersigned signatories warrants and represents that he/she has the authority to execute this Agreement on behalf of his/her respective Party.

12. **Law**. This Agreement shall be interpreted under and governed by Alaska law, without regard to its conflicts-of-law or choice-of-law principles.

IN WITNESS WHEREOF, by and through their undersigned duly authorized representatives, the Parties have executed this Tolling Agreement on the dates indicated by their respective signatures.

Dated: 11/14, 2017

Urban Anesthesiology, P.C.
By: _____
Alfred Clayton, Jr
Its: Attorney

Dated: Nov 14, 2017

The American Insurance Company
By: _____
Ron Clark
Its: Attorney

Page 3 — Tolling Agreement